UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

AIA CORPORATION,

        Plaintiff,

v.                           Case No. 21-C-641

SOMETHING INKED LLC, et al.,

        Defendants.

**DECISION AND ORDER DENYING DEFENDANTS'
MOTION TO VACATE ARBITRATION AWARD AND GRANTING PLAINTIFF'S
PETITION TO CONFIRM ARBITRATION AWARD**

On May 21, 2021, Plaintiff AIA Corporation petitioned this Court to confirm an arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 6 and 9, against Defendants Something Inked LLC, Padrino Promos LLC, Bill Feldberg, Oliver Landry, David Schneiderman, and Todd Schneiderman. After the Court denied Defendants' motion to stay AIA's application to confirm the arbitration award, Defendants filed a motion to vacate the award on August 9, 2021. For the following reasons, Defendants' motion to vacate the arbitration award is denied and AIA's petition to confirm the arbitration award is granted.

## BACKGROUND

On November 1, 2018, AIA and Defendants entered into a number of contracts, including an affiliate agreement, a letter agreement, an inventory line of credit, and a working capital line of credit, under which AIA provided services and loaned money to Defendants. *See* Dkt. Nos. 1-2–1-5. On April 22, 2020, AIA commenced an arbitration before the American Arbitration Association asserting claims arising out of and relating to the contracts. Dkt. No. 21 at 5; Dkt. No.

1 at ¶ 6. Defendants answered AIA's statement of claim and filed a counterstatement on June 19, 2020. Arbitrator Jeffrey J. Keyes conducted a virtual arbitration hearing from February 2, 2021, to February 5, 2021, and ultimately issued an award in favor of AIA and against Defendants in the amount of $5,193,501.47 on May 17, 2021. Dkt. No. 21 at 2; Dkt. No. 1-6 at 19.

In the award, the Arbitrator found that Defendants owed AIA for the unpaid balance of the working capital line of credit, the unpaid balance on the inventory line of credit, the Loot Crate debt balance, and the cost carry forward balance. *See* Dkt. No. 1-6 at 2–7. As to Defendants' breach of contract counterclaims, the Arbitrator found that AIA had failed to pay a $15,000 per month staffing fee and had charged Defendants for service fees on orders that were not collected. As a result, the Arbitrator awarded Something Inked $195,000 against AIA for its staffing fee claim and $282,579 for its service fee claim. He denied the remaining counterclaims, including Defendants' claims for breach of the covenant of good faith and fair dealing, unjust enrichment, usury, violations of the Wisconsin Fair Dealership Law, breach of fiduciary duty, wrongful setoff, accounting, violations of the Tennessee Consumer Protection Act (TCPA), Tenn. Code Ann. §§ 47-18-101 *et seq.*, and a demand for declaratory judgment.

## ANALYSIS

Under the Federal Arbitration Act, a court may vacate an arbitration award for the following four reasons:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). This list is exclusive, and "neither judges nor contracting parties can expand it." *Affymax, Inc. v. Ortho-McNeil-Janssen Pharm., Inc.*, 660 F.3d 281, 284 (7th Cir. 2011) (citing *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584–89 (2008)). As the Seventh Circuit has recognized, "[j]udicial review of arbitration awards is tightly limited; perhaps it ought not be called 'review' at all." *Baravati v. Josephthal, Lyon & Ross, Inc.*, 28 F.3d 704, 706 (7th Cir. 1994). This is so for good reason; arbitration is "intended to be the final resolution of disputes," and arbitrators "do not act as junior varsity trial courts where subsequent appellate review is readily available to the losing party." *Nat'l Wrecking Co. v. Int'l Broth. of Teamsters, Local 731*, 990 F.2d 957, 960 (7th Cir. 1993).

Defendants assert that the Arbitrator exceeded his powers under 9 U.S.C. § 10(a)(4). In particular, Defendants maintain that the Arbitrator "deliberately disregarded what he [knew] to be the law" when he (1) failed to explicitly find that Defendants breached any of the agreements; (2) failed to disclose the legal standard under which he analyzed Defendants' claim for breach of the covenant of good faith and fair dealing and failed to consider the totality of the evidence regarding AIA's allegedly deceptive behavior; and (3) incorrectly concluded that AIA did not engage in unfair or deceptive practices with respect to Defendants' TCPA claim. Dkt. No. 20 at 11. Although a court may review an arbitration award for "manifest" or "deliberate" disregard of the law under § 10(a)(4), *see Renard v. Ameriprise Financial Services, Inc.*, 778 F.3d 563, 567 (7th Cir. 2015), a court cannot overturn an award because an arbitrator "committed serious error" or because the decision is "incorrect or even whacky." *Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1025 (7th Cir. 2013) (internal citations and quotations omitted). Instead, the

3

movant must establish that the arbitral award either requires "the parties to violate the law" or "does not adhere to the legal principles specified by contract." *George Watts & Son, Inc. v. Tiffany & Co.*, 248 F.3d 577, 581 (7th Cir. 2001). With these considerations in mind, the Court will address Defendants' arguments in turn.

### A. AIA's Claims

Defendants contend that the Arbitrator deliberately disregarded what he knew to be the law by failing to explicitly find that Defendants breached their agreements with AIA. Dkt. No. 20 at 13. But the fact that the Arbitrator did not use certain terms in the award does not mean he disregarded what he knew to be the law. "[A]n arbitrator is simply not required to state the reasons for his decision," *Eljer Manufacturing Inc. v. Kowin Development Corp.*, 14 F.3d 1250, 1254 (7th Cir. 1994), and an arbitrator does not "exceed his power by not explaining his award in greater detail." *Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 564 (7th Cir. 2008); *see also Affymax*, 660 F.3d at 285 ("Many an arbitration ends with an award saying who won but omitting reasons."). In the award, the Arbitrator briefly described the parties' obligations under each contract, noted the claimed amounts due, addressed Defendants' arguments, and found the final amount Defendants owed AIA. *See* Dkt. No. 1-6 at 1–7. The Arbitrator provided more than an adequate explanation as to his findings. Defendants have not established that the Arbitrator *knowingly* disregarded the law to achieve this specific result, directed the parties to violate the law, or issued an award that does not adhere to the legal principles specified by the contract. *See George Watts*, 248 F.3d at 581. Therefore, the Court confirms the award with respect to AIA's claims.

### B. Defendants' Breach of the Covenant of Good Faith and Fair Dealing Claim

Next, Defendants contend that the Arbitrator blatantly disregarded what he knew to be the law when he failed to discuss the legal standard under which he analyzed Defendants' claim for

4

breach of the covenant of good faith and fair dealing. Defendants essentially ask the Court to infer from the Arbitrator's silence that he disregarded the law. But the Seventh Circuit has warned that making such an inference is a "logical error" and that "silence is just silence." *Affymax*, 660 F.3d at 285.

Defendants also argue that the Arbitrator failed to account for evidence showing that AIA acted in bad faith, including (1) AIA repeatedly and intentionally ignored requests and communications from Defendants regarding issues and requesting information related to Defendants' business; (2) AIA knew as early as December 27, 2018, that it had failed to issue millions of dollars in invoices to Defendants' customers; (3) AIA did not acknowledge to Defendants that a problem existed or begin to take action to rectify the invoicing issue until Defendants approached AIA with customer complaints; and (4) AIA made plans preparing for Defendants' filing of a bankruptcy petition. *Id.* Defendants claim that this evidence demonstrates that AIA made efforts to "force [Defendants] to file for bankruptcy" as part of a "broader scheme to deliberately fail to perform according to the standards set by law and to interfere with Defendants' ability to perform its duties under the Agreements." *Id.* at 14.

Not only did the Arbitrator squarely acknowledge the evidence put forth by Defendants, but he also provided an adequate explanation for his conclusion that AIA had not breached the covenant of good faith and fair dealing. *See* Dkt No. 1-6 at 11–12. The Arbitrator noted that the invoicing issue was due to a computer malfunction, that the problem was fixed upon its discovery, and that every impacted invoice was reissued and repaid. *Id.* at 12. As for the alleged bankruptcy scheme, the Arbitrator concluded such a scheme did not exist and that the evidence Defendants offered merely indicated that AIA was taking steps to protect itself in the event Defendants defaulted. *Id.* Defendants' argument is nothing more than a "[t]hinly veiled attempt[] to obtain

5

Case 1:21-cv-00641-WCG    Filed 11/09/21    Page 5 of 7    Document 22

appellate review of [the] arbitrator's decision." *Flexible Mfg. Sys. Pty. Ltd. v. Super Prods. Corp.*, 86 F.3d 96, 100 (7th Cir. 1996). But "[f]actual or legal error, no matter how gross, is insufficient to support overturning an arbitration award." *Halim*, 516 F.3d at 563. Defendants have not shown that the Arbitrator deliberately disregarded the law when he arrived at his conclusion that AIA did not breach the covenant of good faith and fair dealing. The award on this issue "contains the honest decision of the arbitrator after a full and fair hearing of the parties." *Nat'l Wrecking Co.*, 990 F.2d at 960. In short, Defendants have failed to show that the Arbitrator deliberately disregarded what he knew to be the law when deciding Defendants' claim for breach of the covenant of good faith and fair dealing.

### C. Defendants' TCPA Claim

Finally, Defendants argue that the Arbitrator deliberately disregarded what he knew to be the law when analyzing Defendants' TCPA claim. Defendants assert that the Arbitrator "incorrectly concluded" that AIA did not engage in unfair or deceptive trade practices under the TCPA. Dkt. No. 20 at 19–20. Again, this argument is nothing more than an attempt to obtain plenary judicial review in this Court. *See Halim*, 516 F.3d at 563 ("[L]egal error, no matter how gross, is insufficient to support overturning an arbitration award."). Even if the Arbitrator erred in his application of the TCPA, "such an error falls short of a manifest disregard of the law." *Renard*, 778 F.3d at 568.

Defendants also contend that the Arbitrator failed to properly account for the testimony of Tom Lehr and his admission that Defendants would not have selected AIA as a service provider had they known that AIA would not be able to provide an inventory module. Dkt. No. 20 at 20. The Arbitrator specifically rejected Defendants' argument that they were "induced to move their business from IPU to [AIA] because [AIA] represented that [Defendants] would be given access

6

to the Experience platform and an inventory module by March 2019." Dkt. No. 1-6 at 17. In any event, an arbitrator's failure to consider "relevant evidence, standing alone, does not warrant vacating an arbitration award; rather, the arbitrator's failure to consider pertinent evidence must have deprived [Defendants] of a fundamentally fair hearing." *Mical v. Glick*, 581 F. App'x 568, 570 (7th Cir. 2014) (citing *Flender Corp. v. Techna–Quip Co.*, 953 F.2d 273, 280 (7th Cir. 1992)). Defendants had a full and fair opportunity to present their case. The Arbitrator supported his denial of Defendants' TCPA claim, and Defendants have failed to demonstrate that the Arbitrator deliberately disregarded what he knew to be the law with respect to Defendants' TCPA claim.

## CONCLUSION

For these reasons, Defendants' motion to vacate the arbitration award (Dkt. No. 20) is **DENIED** and AIA's petition to confirm the arbitration award (Dkt. No. 1) is **GRANTED**. The Clerk is directed to enter judgment in favor of AIA and against Defendants, jointly and severally, in the amount of $5,193,501.47.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of November, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge